UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FRANCISCO MIGUEL ANGEL NAJERA-GORDILLO,<br><br>            Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent.<br>_____/ | NO. CR. 05-383 WBS<br>    (CIV. 09-397 WBS)<br><br>MEMORANDUM AND ORDER RE:<br>MOTION FOR RELIEF PURSUANT TO<br>28 U.S.C. § 2255 |

----oo0oo----

        On May 31, 2006, pursuant to a written and signed plea agreement, petitioner entered a plea of guilty to count three of an indictment charging possession of at least fifty grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

        During the plea colloquy conducted pursuant to Federal Rule of Criminal Procedure 11, the court advised petitioner that the maximum penalty for the crime to which he was offering to plead guilty was life imprisonment, a fine not to exceed $4,000,000, and a mandatory special penalty assessment of $100 based upon his plea of guilty to a violation of § 841(a)(1).

1

These statutory penalties were the same as set forth in the plea agreement, which petitioner confirmed he had read.

Petitioner was sentenced on October 17, 2006, to 292 months imprisonment. He thereafter appealed his conviction and sentence to the Ninth Circuit. The Court of Appeals dismissed his appeal on September 18, 2008, in light of his appeal waiver. United States v. Najera-Gordillo, 285 Fed. App'x 461 (2008).

On February 9, 2009, petitioner filed the instant petition to set aside his guilty plea and sentence pursuant to 28 U.S.C. § 2255.[1] He contends, inter alia, that the court in its plea colloquy misrepresented the maximum possible statutory penalty in violation of Federal Rule of Criminal Procedure 11(b)(1)(H). He also argues that his counsel rendered ineffective assistance in failing to properly advise him of the potential sentencing range and for failing to review the Pre-sentence Investigation Report with him before the sentencing hearing.[2]

When a habeas petitioner challenges a guilty plea based on a violation of Rule 11, "he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir. 1987)

---

[1] Although the petition was initially filed pro se, the court thereafter granted petitioner's motion for appointment of counsel. (Docket No. 131.)

[2] The parties have not requested an evidentiary hearing, nor is an evidentiary hearing necessary because there is no dispute as to the relevant facts.

2

(citing, inter alia, United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).  A petitioner also "must 'establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty.'" United States v. Dawson, 193 F.3d 1107, 1110 (9th Cir. 1999) (quoting Grewal, 825 F.2d at 222).

According to the factual basis for the plea attached to the plea agreement, petitioner was found in possession of 398.5 grams of methamphetamine (actual) that was 89% pure.  Pursuant to § 841(b)(1)(B)(viii), that would have subjected him to a maximum possible statutory penalty of forty years imprisonment and a fine not to exceed $2,000,000.  During the plea colloquy, however, petitioner was not properly informed of these statutory penalties.  Instead, the court simply restated the incorrect penalties contained in the plea agreement--a maximum possible penalty of life imprisonment and a fine of $4,000,000.[3]

Because the length of potential imprisonment constitutes a direct consequence of a defendant's guilty plea, see United States v. Wills, 881 F.2d 823, 825 (9th Cir. 1989), the plea colloquy did not satisfy the due process requirements of a voluntary and knowing plea.  See United States v. Littlejohn, 224 F.3d 960, 965 (9th Cir. 2000) (providing that the due process requirement of a voluntary plea demands that defendants be informed of the "direct consequences of their plea and resulting conviction"); Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.

---

[3] Petitioner was also incorrectly informed that he faced a minimum penalty of ten years imprisonment instead of the five-year minimum provided by § 841(b)(1)(B)(viii).  (Plea Hearing Tr. 8:1-5.)

1988) (explaining that due process requires that a defendant be "advised of the range of allowable punishment that will result from his guilty plea" (internal quotations omitted)).

Petitioner has thus identified a constitutional deficiency in his Rule 11 colloquy that may entitle him to relief under § 2255. See United States v. Guerra, 94 F.3d 989, 995 (5th Cir. 1996) (holding that an overstatement of the maximum statutory term of imprisonment during a plea colloquy constituted a violation of the petitioner's due process rights cognizable in a § 2255 proceeding); see also United States v. Roberts, 5 F.3d 365, 369-70 (9th Cir. 1993) (granting the petitioner's § 2255 petition when the district court failed to inform him of a supervised release term during the Rule 11 colloquy).

With regard to petitioner's showing of prejudice, though the effect of an understatement of the maximum possible penalty on the decision of whether to plead guilty is perhaps more readily apparent, courts have also found that overstating the maximum possible statutory penalty prejudices a defendant because it skews the calculation of the risks involved in exercising the right to a jury trial. See United States v. Stubbs, 279 F.3d 402, 411 (6th Cir. 2002) ("'When considering a plea agreement, a defendant might well weigh the terms of the agreement against the maximum sentence he could receive if he went to trial.  When the maximum possible exposure is overstated, the defendant might well be influenced to accept a plea agreement he would otherwise reject.'" (quoting Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985))), abrogation on other grounds recognized by United States v. Helton, 349 F.3d 295, 299 (6th

4

Cir. 2003); <u>Guerra</u>, 94 F.3d at 995 (holding that the overstatement of the maximum potential sentence rendered the petitioner "unaware of the true nature of the options he faced"); <u>cf.</u> <u>United States v. Forrester</u>, 512 F.3d 500, 507-08 (9th Cir. 2008) (noting that, in the context of a <u>Faretta</u> proceeding, an overstatement of the possible statutory penalties could have made "a middle-aged defendant [] more prone to roll the dice with self-representation" rather than keep an attorney he distrusts).

Nothing in the record or in the parties' submissions indicates that petitioner was made aware of the correct statutory maximum penalty before pleading guilty. The plea agreement signed by petitioner and his counsel specified the same overstated statutory penalties of which plaintiff was informed during the plea colloquy. (<u>See</u> Plea Agreement 4:22-26.) Moreover, it does not appear that defense counsel ever informed petitioner of the correct statutory penalties; counsel's discussions with petitioner about sentencing prior to the change-of-plea hearing appear to have focused only on petitioner's likely sentence under the plea agreement rather than the maximum possible penalty provided by § 841(b)(1)(B)(viii). (<u>See</u> Pet'r Reply Ex. A ("Najera-Gordillo Aff.") ¶¶ 3, 6.)

Petitioner's assessment of his options in deciding to plead guilty or go to trial was thus inherently distorted by his unawareness of the correct maximum possible statutory penalty. Petitioner has stated that he would not have pled guilty and would have instead gone to trial and reserved his rights to appeal had he been made aware of the actual sentencing range he faced.

1      Under these circumstances, petitioner has sufficiently demonstrated that his decision to plead guilty was prejudiced by the Rule 11 violation.  See Guerra, 94 F.3d at 995 (holding that the petitioner's guilty plea was invalid when the court incorrectly indicated a maximum potential term of imprisonment of sixty years instead of thirty years and nothing in the record suggested that he ever received the correct information from counsel); see also Pitts, 763 F.2d at 201 (distinguishing situations involving "a mere failure to give a defendant some information which he later claims would have affected his pleading decision" from those involving "affirmative misstatements of the maximum possible sentence").[4]

   IT IS THEREFORE ORDERED that petitioner's motion for relief pursuant to 28 U.S.C. § 2255 be, and the same hereby is, GRANTED.

   IT IS FURTHER ORDERED that petitioner's guilty plea and sentence be, and the same hereby are, VACATED AND SET ASIDE, and this case shall be placed on the court's calendar for trial setting.  The United States Attorney is directed to make the necessary arrangements to have petitioner returned to this court for further proceedings consistent with this Order.

DATED:  August 25, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4]  Because the court finds that petitioner is entitled to relief under § 2255 based upon deficiencies in the Rule 11 colloquy, the court does not reach petitioner's other alleged grounds for relief.