UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRANCISCO MIGUEL ANGEL NAJERA-GORDILLO,

        Defendant.

        NO. CR. 05-383 WBS

        <u>ORDER OF RECUSAL</u>

----oo0oo----

        On August 25, 2009, this court entered an Order granting Najera-Gordollo's motion to set aside his plea and sentence in this matter, and directed the United States Attorney to make the necessary arrangements to have the defendant returned to this court for further proceedings consistent with that order.

        At the time of original sentencing, the undersigned judge made certain comments relative to the defendant and the sentence which

1

should be imposed.[1]  Now, after defendant returns to court, if he is either found guilty after trial or seeks to persuade the court to accept another guilty plea, it will be necessary for the court to again consider the appropriate sentence.  If that responsibility should fall upon me, I could be subject to the criticism that I have already made up my mind, based on defendant's now vacated plea, as to the appropriate sentence to be imposed.  See <u>United States v. Quach</u>, 302 F.3d 1096 (9th Cir. 2002) (remanding for resentencing by a different judge where the original sentencing judge would reasonably be expected to have substantial difficulty in putting out of his mind previously expressed views or findings based on evidence that must be rejected.)

   Under the circumstances, the more prudent course is for the

---

[1]   <u>See</u> Reporter's Transcript, Judgment and Sentence, Wednesday, October 17, 2006, at 12:22-13:22: "This was a drug offense.  It was part of a pattern of activity.  And it is part of a long criminal history on your part that results in your being what the law considers a career offender.  You have been previously convicted of four felonies.  That includes two crimes of violence.  You've been deported on previous occasions from the United States.  And on at least two prior occasions, you entered the United States illegally, at least the last occasion you entered illegally.  And there were numerous juvenile convictions.
   "So as a result of all that, the law treats you more severely.  And I take that into account in determining the sentence in your case.  You should have those kinds of things in mind when you go out and commit a crime like this.  The Court needs to sentence you to a term that will reflect the seriousness of the offense and promote respect for law.  People need to know that after a certain number of offenses, the sentence is going to have to be greater in order to deter you from future conduct and to set an example for you to assure that other people don't do the same kind of thing.  I'm required to go through all of this because I'm required to come up with a sentence that is sufficient but not greater than necessary to meet all of these factors in Section 3553.  And I believe that a sentence at the bottom of the guideline range is sufficient but not greater than necessary to accomplish all of those conditions.  So that's the sentence that I'm going to impose, the bottom of the guideline range."

undersigned judge to recuse himself from all further proceedings in this case involving Najera-Gordillo.  The Clerk is directed to take the necessary steps to have this case, as to defendant Najera-Gordillo only, reassigned to another judge.

       IT IS SO ORDERED.

DATED:  August 26, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE