UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>FRANCISCO NAJERA-GORDILLO,<br><br>Movant. | No. 2:05-cr-0383 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

On June 20, 2016, Najera-Gordillo a federal prisoner proceeding through counsel, filed a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 271.) On January 25, 2017, the United States Court of Appeals for the Ninth Circuit authorized his successive § 2255 motion, and two days later, the undersigned directed the government to file a response.

In 2006, Najera-Gordillo pled guilty to possessing at least 50 grams of a substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to a 292-month prison term pursuant to the Career Offender Guideline. (ECF Nos. 29 & 45.) In his successive motion, Najera-Gordillo argues that his sentence must be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which renders void for vagueness the definition of "crime of violence" in the sentencing guideline's residual clause.

////

In opposition, the government asserts that the court should summarily deny the motion because the Supreme Court has since held that the sentencing guidelines are not subject to vagueness challenges under the Due Process Clause. See Beckles v. United States, 137 S. Ct. 886, 2017 WL 855781 (Mar. 6, 2017). Thus, the Career Offender Guideline's residual clause is not void for vagueness as a similarly-worded residual clause was held to be in Johnson, 135 S. Ct. 2251. In reply, Najera-Gordillo does not dispute these points. (ECF No. 278.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (ECF No. 271) be denied; and

2. The Clerk of Court is directed to close the companion civil case, No. 2:16-cv-1401 CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / naje0383.f&rs