UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO MIGUEL ANGEL NAJERA-GORDILLO,<br><br>Defendant. | No. 2:05-CR-00383-MCE<br><br>**ORDER** |

Defendant Francisco Miguel Angel Najera-Gordillo ("Defendant") was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on December 10, 2010, to 324 months of imprisonment. Pursuant to U.S.S.G. § 2D1.1, Defendant's base offense level was calculated at 38. Two levels were subtracted for acceptance of responsibility, resulting in a total offense level of 36. In this case, however, Defendant was also determined to be a career offender under U.S.S.G. § 4B1.1, which provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Pursuant to the table included in § 4B1.1,

Defendant's career offender offense level would have been 37, which, after a reduction for acceptance of responsibility, would have resulted in a total offense level of 35. The higher offense level derived from § 2D1.1 thus applied and, along with Defendant's criminal history category VI, resulted in a guideline sentencing range of 324-405 months. Defendant was sentenced at the low end of that range.

Defendant, through counsel, has now filed a Motion to Reduce Sentence in light of the United States Sentencing Commission's passage of Amendment 782. ECF No. 283. The Government has filed an opposition, to which Defendant has replied. ECF Nos. 288, 291.

Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "after considering the factors set forth in section 3553(a) to the extent that they are applicable." Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

2

imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

There is no dispute that the guideline range applicable to Defendant has been reduced and that Defendant is eligible for a reduction in his base offense level from 38 to the career offender level of 37, which would result in a range of 292-365 months. Defendant thus asks that the Court reduce his sentence to the low end of the new range, 292 months.

The parties disagree at the second step of the analysis, however, which requires consideration of the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application Note 1(B)(ii) to U.S.S.G. § 1B1.10. The Court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." Id., Note 1(B)(iii).

In support of Defendant's request, he argues that a reduction is warranted because: (1) Defendant's prior offenses occurred when he was between 18 and 23 years old; (2) his current offense did not involve an aggravating role or firearm enhancement; (3) failure to reduce the sentence will result in disparities; (4) the Sentencing Commission has determined that a 2-level reduction is appropriate to reduce prison populations; (5) the reduced sentence is still lengthy; and (6) Defendant will be deported upon his release. In opposition, however, the Government emphasizes that: (a) Defendant was a multi-pound, high-level methamphetamine dealer; (b) he earned a career offender designation by amassing ten convictions, even though only three of those convictions scored; (c) during sentencing, the Court determined that a lengthy term of imprisonment was necessary to protect the public from Defendant's repeated criminal, violent behavior; (d) Defendant has already been deported twice, but returned both times and continued to engage in criminal activity; and (e) most importantly in the Government's view, Defendant's disciplinary record in prison is abysmal. Having

considered the record in its entirety, the Court concludes that the Government has the better argument.

In fact, there is nothing before the Court to indicate that Defendant has made even minimal efforts to rehabilitate himself such that the Court can conclude that Defendant will be anything other than a menace to the community if his sentence is reduced and he is released earlier. The fact that Defendant will be deported is of no moment. That clearly hasn't acted as a deterrent in the past. Nor is the Commission's decision to lower the guidelines itself persuasive. The Commission clearly contemplated that there would be some defendants that, based on consideration of the factors articulated above, should not receive the benefit of a reduction.

Also of no assistance is Defendant's age when he sustained his prior convictions. Those convictions involved violence, the use of firearms, battery of a police officer, and escape. The Government has submitted, however, a record of Defendant's rules violations in prison which shows that between May 1, 2007, and April 25, 2014, when Defendant was between 31 and 38 years old, he was still engaging in the same types of behaviors. He was old enough to know better by then. Namely, prison officials sustained 27 violations of Bureau of Prison rules for conduct such as the unauthorized possession of weapons (e.g., razor blades or sharp metal objects), two separate assaults on fellow inmates, and what essentially amounts to an intolerable level of insubordination to prison officials. This conduct, viewed against the backdrop of Defendant's long and violent criminal history, indicates to the Court that nothing short of the 324-month sentence already imposed will suffice to mitigate the danger Defendant poses to the community.

In response, Defendant contends that there are no avenues for claiming self-defense when charged with prison violations, and that no evidence has been provided that Defendant sustained any violations over the last three years so his behavior must be improving. First, although it may be true in theory that inmates are not afforded the opportunity to raise a self-defense argument during prison proceedings, Defendant has

offered no evidence to indicate that he was actually defending himself rather than acting as an aggressor with regard to any of his convictions. In fact, he notably does not even attempt to make that argument here. Second, even assuming that Defendant has had no violations since April 2014, that would be insufficient to convince the Court that this Defendant, who has never before shown any glimmer of hope that he might change his ways, has modified his behavior so materially as to change the Court's conclusion that early release would greatly and inevitably endanger the public. Indeed, Defendant would have had to have become a new person, and if he had, he would undoubtedly have certificates and commendations he could submit to the Court to document such a change.[2] Based on the foregoing, and having considered, among other things, the nature and circumstances of the offense, the history and characteristics of this Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public, Defendant's Motion (ECF No. 283) is DENIED.

IT IS SO ORDERED.

Dated: November 28, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's argument that three-year old disciplinary convictions cannot be considered recent is not well taken. In the case Defendant cites for that proposition, United States v. Miller, 832 F.3d 703 (7th Cir. 2016), the primary concern of that court was that defense counsel had failed to submit mitigating evidence to the district court that may have supported a reduction (namely that the defendant's security level had been reduced from high to medium and that he'd completed a number of vocational courses and earned his GED). This was especially true given that Defendant had not sustained any rules violations for three years. That said, it is unclear from that case what kind of background that Defendant had, but suffice it to say, he does not appear to have been a career offender. Moreover, unlike this case where Defendant sustained 27 violations over a seven-year period, that defendant sustained only five in six years. In this case, it would thus take much more than a three-year gap in sustained violations, especially absent any mitigating evidence in favor of a reduction, for this Court to grant this Defendant's request.